ANDRE BIROTTÉ JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
PAUL G. STERN (State Bar No. 162734)
Assistant United States Attorney
Senior Litigation Counsel
HARVINDER S. ANAND (State Bar No. 243913)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California  90012
    Telephone:  (213) 894-0715/2624
    Email: paul.stern@usdoj.gov
           harvinder.anand@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 09-203-ODW |
| Plaintiff, | **GOVERNMENT'S RESPONSE TO NOTIFICATION REGARDING EARLY TERMINATION OF PROBATION** |
| v. | |
| BRUCE E. KARATZ, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its Response To Notification Regarding Early Termination of Probation For Defendant Bruce E. Karatz.

/ /

/ /

This filing is based on the attached Response and the files and records of this case.

DATED: February 28, 2012

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant U.S. Attorney
Chief, Criminal Division

_____/s/_____
PAUL G. STERN
HARVINDER S. ANAND
Assistant U.S. Attorneys
Major Frauds Section

Attorneys for Plaintiff
United States of America

**GOVERNMENT'S RESPONSE TO NOTIFICATION FROM U.S. PROBATION OFFICE REGARDING EARLY TERMINATION OF PROBATION FOR BRUCE KARATZ**

The government is in receipt of a document from the U.S. Probation Office entitled "Notification to AUSA Regarding Early Termination" ("Notification") of defendant Bruce Karatz ("defendant") in the above-entitled matter. While the Notification is dated February 15, 2012, it was not addressed to the Assistant U.S. Attorneys ("AUSAs") handling this matter and was not received by the AUSAs until the afternoon of February 28, 2012.[1]

While the Notification indicates that the Court has requested that "an early termination assessment be conducted" in this matter and indicates that the U.S. Probation Office intends to "correspond with the Court concerning early termination of supervision," it does not contain a specific recommendation from the U.S. Probation Office regarding the issue of early termination. Nonetheless, the Notification provides that the government must respond within 14 days if it objects "to this recommendation."

Based on the foregoing, it appears that the Court is considering early termination of probation in this matter and that the U.S. Probation Office at a minimum does not oppose early termination of probation.

Based on the information currently available, the government opposes early termination of defendant's five-year term of probation.[2]  Under Section 3564(c) of Title 18, United States Code,

---

[1] Furthermore, the Notice was misaddressed to "300 N. Spring St., Rm. 7516," which is not the address of the U.S. Attorney's Office.

[2] The government has not received notice from either the U.S. Probation Office or the Court of the grounds that are being considered to warrant early termination.  The government reserves

1

early termination of probation may be authorized in such circumstances where, having considered the factors set fort in 18 U.S.C. § 3553(a) relating to the imposition of a sentence, the Court "is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). As numerous other courts have noted, early termination of probation or supervised release is not warranted as a matter of course, although it is "occasionally" justified due to new or unforseen circumstances. See, e.g., United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (modification of supervised release justified to account for new or unforseen circumstances); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (termination of supervised release may be warranted due to new or unforseen circumstances).

The government is unaware of any new or unforseen circumstances that would warrant early termination of probation in defendant's case. Certainly full compliance with the terms of his probation is hardly a new or unforseen circumstances, and defendant's engagement in any philanthropic conduct during the course of his probation also does not constitute a new or unforseen circumstance, since this type of conduct was an essential part of the justification for the original probationary sentence of five years. Finally, given the seriousness of defendant's offense conduct and the lenient nature of the original five-year probationary sentence, the contemplated reduction of defendant's sentence through the early termination of probation would be directly contrary to the interest of justice, which is a factor the Court is obligated to consider.

---

the right to further respond if such grounds are identified.

2

For all the foregoing reasons, the government opposes early termination of defendant's five-year term of probation and requests that the Court's original sentence remain in effect.

DATED: February 28, 2012             Respectfully submitted,

                                     ANDRÉ BIROTTE JR.
                                     United States Attorney

                                     ROBERT E. DUGDALE
                                     Assistant U.S. Attorney
                                     Chief, Criminal Division

                                          /s/
                                     PAUL G. STERN
                                     HARVINDER S. ANAND
                                     Assistant U.S. Attorneys
                                     Major Frauds Section

                                     Attorneys for Plaintiff
                                     United States of America